Rev. 12/01/18

## LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

MATTHEW L. SMITH and CINDY M. SMITH

CHAPTER 13

CASE NO. 1-bk-18-02366 HWV

☐ ORIGINAL PLAN
☑ 1st AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

0 Number of Motions to Avoid Liens
0 Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

## 1. PLAN FUNDING AND LENGTH OF PLAN.

### A. Plan Payments From Future Income

1. To date, the Debtor paid $ 1,080.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 15,930.00 , plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 1/2019 | 6/2023 | $275.00 | $0.00 | $275.00 | $14,850.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $14,850.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ( ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

   (✓) Debtor is over median income. Debtor estimates that a minimum of $ 15,714.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

2

### B. Additional Plan Funding From Liquidation of Assets/Other

1. The Debtor estimates that the liquidation value of this estate is
   $ 598.65 (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

✓ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ from the sale of property known and designated as . All sales shall be completed by , 20 . If the property does not sell by the date specified, then the disposition of the property shall be as follows: .

3. Other payments from any source(s) (describe specifically) shall be paid to the
   Trustee as follows:

## 2. SECURED CLAIMS.

### A. Pre-Confirmation Distributions. *Check one.*

✓ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

☐ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

3

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| | | |
| | | |
| | | |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Jersey Shore State Bank | 2013 Ford Escape | 6130 |
| M&T Bank/Lakeview Loan Servicing | 336 Pleasant Drive, Selinsgrove, Pa 17870 | 1669 |

4

| Wells Fargo Dealer Services | 2009 Chevrolet Avalanche | 9918 |
|---|---|---|

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed ~~proof of~~ claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☑ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☐ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

5

1.  The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2.  In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3.  Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**E. <u>Secured claims for which a § 506 valuation is applicable.</u>** *Check one.*

 None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.* Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

6

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**F. Surrender of Collateral.** *Check one.*

None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

 The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| First National Bank of Pennsylvania | 312 Chestnut Street, Mifflinburg, Pa 17844 |
|  |  |
|  |  |

**G. Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✓ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

7

 The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | | | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

## 3. PRIORITY CLAIMS.

### A. Administrative Claims

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

   a. In addition to the retainer of $ 1925.00 already paid by the Debtor, the amount of $ 2075.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $ _____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   ✓ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   ___ The following administrative claims will be paid in full.

8

| Name of Creditor | Estimated Total Payment |
| --- | --- |
|  |  |
|  |  |

**B. Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
| --- | --- |
|  |  |
|  |  |
|  |  |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
| --- | --- |
|  |  |

9

## 4. UNSECURED CLAIMS

A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u> *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

☐ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

10

6. **VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☐ plan confirmation.
☑ entry of discharge.
☐ closing of case.

7. **DISCHARGE: (Check one)**

(✓) The debtor will seek a discharge pursuant to § 1328(a).
( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____

Level 2: _____

Level 3: _____

Level 4: _____

Level 5: _____

Level 6: _____

Level 7: _____

Level 8: _____

11

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments. Level
2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: 11/27/2018

s/Chad J. Julius
Attorney for Debtor

s/Matthew L. Smith
Debtor

s/Cindy M. Smith
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

12

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:  MATTHEW L. SMITH      :    CASE NO.: 1:18-bk-02366-HWV
       CINDY M. SMITH            :
                 **Debtors**    :
                         :    **CHAPTER 13 PLAN**

Notice is hereby given that **MATTHEW L. SMITH and CINDY M. SMITH** (collectively the "Debtor") has filed a **First Amended Chapter 13 Plan** (the "Plan"). The hearing on confirmation of the Plan of reorganization of the Debtor is scheduled for **January 9, 2019 at 9:30 a.m.** The hearing will be held at the United States Bankruptcy Court, Ronald Reagan Federal Building, Bankruptcy Courtroom, Third Floor, Third and Walnut Streets, Harrisburg, PA 17101.

**January 2, 2019** is the deadline for filing objections to confirmation of the Plan. Anyone wishing to object to the Plan must do so in writing. Any objection shall be in accordance with the Federal Rules of Bankruptcy Procedure, must set forth specifically the basis for such objection, and must be filed with the Clerk of the United States Bankruptcy Court at the address set forth below on or before **January 2, 2019.** The objecting party shall appear at the hearing. Unless objections are timely filed and the objecting party appears at the hearing, the Court may approve the Plan. A copy of any objection to the Plan must be served on Debtor's counsel, Upright Law, LLC, 8150 Derry Street, Harrisburg, Pennsylvania 17111, facsimile 717-909-7878, such that they have receipt of such objection on or before **January 2, 2019.**

Initial requests for a continuance of hearing (L.B.F. 9013-4, Request to Continue Hearing/Trial with Concurrence) shall be filed with the Court. Requests received by the Court within twenty-four (24) hours of the hearing will not be considered except in emergency situations. Additional requests for continuance must be filed as a Motion.

Requests to participate in a hearing telephonically shall be made in accordance with L.B.R. 9074-1(a).

*Please note that evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined during the confirmation hearing that an evidentiary hearing is required, the evidentiary hearing will be scheduled for a future date.*

Copies of all documents filed in connection with this matter are available for inspection at the Clerk's office located on the Third Floor of the Federal Building, Third and Walnut Street, Harrisburg, Pennsylvania.

                       CLERK
                       UNITED STATES BANKRUPTCY COURT
                       MIDDLE DISTRICT OF PENNSYLVANIA
                       THE RONALD REAGAN FEDERAL BUILDING
                       228 WALNUT STREET, ROOM 320
Date: December 3, 2018          HARRISBURG, PA 17108

1

## CERTIFICATE OF SERVICE

I, Colleen Reed, with Upright Law, LLC, do hereby certify that on this day I served the

within *Notice to Parties in Interest and First Amended Chapter 13 Plan* upon the following

persons via the ECF/CM system and/or by depositing a true and correct copy of the same in the

United States Mail, first class, postage prepaid:

ECF/CM:
Charles J. Dehart III, Esquire (Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036

U.S. Trustee
228 Walnut Street,
P.O. Box 969
Harrisburg, PA 17101-0969

First –Class Mail
All creditors on the mailing matrix (attached)


DATED:  December 3, 2018                    s/Colleen Reed
                                            Colleen Reed, Paralegal

2

Label Matrix for local noticing
0314-1
Case 1:18-bk-02366-HWV
Middle District of Pennsylvania
Harrisburg
Mon Dec  3 13:40:36 EST 2018

Aarons Sales & Lease
Attn: Bankruptcy
309 E Paces Ferry Rd Ne
Atlanta, GA 30305-2367

Affinity Fcu
73 Mountainview Blvd Bld
Basking Ridge, NJ 07920-2332

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Bank of America, N.A.
P O Box 982284
El Paso, TX 79998-2284

Barclays Bank Delaware
Attn: Correspondence
Po Box 8801
Wilmington, DE 19899-8801

Chase Card Services
Correspondence Dept
Po Box 15298
Wilmington, DE 19850-5298

Citibank North America
Citibank Corp/Centralized Bankruptcy
Po Box 790034
St Louis, MO 63179-0034

Citibank, N.A.
Citibank, N.A.
701 East 60th Street North
Sioux Falls, SD 57104-0493

Citicards
Citicorp Credit Services/Attn: Centraliz
Po Box 790040
Saint Louis, MO 63179-0040

Comenity Bank/Bon Ton
Attn:  Bankruptcy Dept
Po Box 18215
Columbus, OH 43218

Comenity Bank/Metro
Attn: Bankruptcy Dept
Po Box 182125
Columbus, OH 43218-2125

Comenity Bank/Peebles
Attn:  Bankruptcy Dept
Po Box 182125
Columbus, OH 43218-2125

Comenity Bank/Pier 1
Attn:  Bankruptcy Dept
Po Box 182125
Columbus, OH 43218-2125

Comenity Bank/Victoria Secret
Attn: Bankruptcy Dept
Po Box 182125
Columbus, OH 43218-2125

Comenity Bank/ctpr&bks
Attn: Bankruptcy Dept
Po Box 182125
Columbus, OH 43218-2125

Comenity Capital/Zales
Attn:  Bankrutptcy Dept
Po Box 18215
Columbus, OH 43218

Comenitybank/venus
Attn: Bankruptcy Dept
Po Box 182125
Columbus, OH 43218-2125

Comenitybank/wayfair
Attn: Bankruptcy Dept
Po Box 182125
Columbus, OH 43218-2125

Comenitycapital/boscov
Attn: Bankruptcy Dept
Po Box 182125
Columbus, OH 43218-2125

Credit One Bank
Attn: Bankruptcy
Po Box 98873
Las Vegas, NV 89193-8873

Charles J DeHart, III (Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036-8625

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH  43054-3025

Discover Financial
Po Box 3025
New Albany, OH 43054-3025

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

FedLoan Servicing
Attention: Bankruptcy
Po Box 69184
Harrisburg, PA 17106-9184

First National Bank
Attn: Tina
1620 Dodge St Mailstop 4440
Omaha, NE 68197-0002

First National Bank of Omaha
1620 Dodge Street, Stop code 3105
Omaha, NE 68197-0002

First National Bank of Pennsylvania
4140 East State Street
Hermitage, PA 16148-3401

First National Bank of Pennsylvania
c/o David W. Raphael, Esquire
Grenen & Birsic, PC
One Gateway Center, 9th Floor
Pittsburgh, PA  15222

First Natl Bk Of Pa
1 Fnb Blvd
Hermitage, PA 16148-3363

Jersey Shore State Ban
300 Market St
Williamsport, PA 17701-6374

Chad James Julius
Upright Law, LLC
8150 Derry Street
Ste. A
Harrisburg, PA 17111-5212

Kohls/Capital One
Kohls Credit
Po Box 3120
Milwaukee, WI 53201-3120

LAKEVIEW LOAN SERVICING LLC
PO BOX 840
Buffalo, NY 14240-0840

LVNV Funding, LLC its successors and assigns
assignee of North Star Capital
Acquisition LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

(p)M&T BANK
LEGAL DOCUMENT PROCESSING
626 COMMERCE DRIVE
AMHERST NY 14228-2307

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Quantum3 Group LLC as agent for
Comenity Bank
PO Box 788
Kirkland, WA 98083-0788

Quantum3 Group LLC as agent for
Comenity Capital Bank
PO Box 788
Kirkland, WA 98083-0788

Quantum3 Group LLC as agent for
MOMA Trust LLC
PO Box 788
Kirkland, WA 98083-0788

David William Raphael
Grenen and Birsic, P.C.
One Gateway Center - 9th Floor
Pittsburgh, PA 15222

SYNCHRONY BANK
c/o Weinstein & Riley, PS
2001 Western Ave., Ste 400
Seattle, WA 98121-3132

Cindy M. Smith
336 Pleasant Drive
Selinsgrove, PA 17870-9436

Matthew M. Smith
336 Pleasant Drive
Selinsgrove, PA 17870-9436

South Shore Bank
Attn: Bankruptcy
Po Box 151
Weymouth, MA 02188-0904

Synchrony Bank/ JC Penneys
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Amazon
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Lowes
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Sams Club
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/ShopNBC
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Walmart
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060

U.S. Bank NA dba Elan Financial Services
Bankruptcy Department
PO Box 108
St. Louis MO 63166-0108

U.S. Department of Education
C/O FedLoan Servicing
P.O. Box 69184
Harrisburg PA 17106-9184

United States Trustee
228 Walnut Street, Suite 1190
Harrisburg, PA 17101-1722

Verizon
Verizon Wireless Bk Admin
500 Technology Dr Ste 550
Weldon Springs, MO 63304-2225

Verizon
by American InfoSource LP as agent
PO Box 248838
Oklahoma City, OK 73124-8838

Visa Dept Store National Bank/Macy's
Attn: Bankruptcy
Po Box 8053
Mason, OH 45040-8053

James Warmbrodt
701 Market Street Suite 5000
Philadephia, PA 19106-1541

Webbank/Gettington
Attn: Bankruptcy
6250 Ridgewood Rd
Saint Cloud, MN 56303-0820

Wells Fargo Bank N.A., d/b/a Wells Fargo Aut
PO Box 19657
Irvine, CA 92623-9657

Wells Fargo Dealer Services
Attn: Bankruptcy
Po Box 19657
Irvine, CA 92623-9657


Wffnb Retail
Cscl Dispute Team
Des Moines, IA 50306

eCAST Settlement Corporation
PO Box 29262
New York NY 10087-9262


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Bank Of America
Attn: Bankruptcy
Po Box 982238
El Paso, TX 79998

Elan Financial Service
Attn: Bankruptcy
Po Box 5229
Cincinnati, OH 45201

M & T Bank
Attn: Bankruptcy
Po Box 844
Buffalo, NY 14240


Portfolio Recovery Associates, LLC
POB 12914
Norfolk VA 23541


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)First National Bank of Pennsylvania
4140 East State Street
Hermitage, PA 16148-3401

(u)Lakeview Loan Servicing LLC

(d)PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021


End of Label Matrix
Mailable recipients    64
Bypassed recipients     3
Total                  67